**RAYBESTOS PRODUCTS CO. and Brake Parts Inc.**

**v.**

**CONI-SEAL, INC.**

**No. 3:96CV1215 JBA.**

United States District Court, D. Connecticut.

June 27, 1997.

Wesley W. Whitmyer, Jr., Gene S. Winter, Betty A. Ryberg, St. Onge, Steward, Johnston & Reens, Stamford, CT, for Plaintiffs.

Philip S. Walker, Day, Berry & Howard, Hartford, CT, John M. Schwartz, Herzfeld & Rubin, New York, NY, for Defendant.

***RULING ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND REQUEST FOR AWARD OF ATTORNEYS' FEES AND COSTS [DOC. # 16, 1–3]***

ARTERTON, District Judge.

## I. INTRODUCTION

This is a trademark infringement action in which plaintiffs claim that defendant allegedly made unauthorized and deceptive use of plaintiff's federally registered trademark "Raybestos" owned by Raybestos Products Co., and exclusively licensed to Brake Parts, Inc ., for brake and friction products. Both parties manufacture automotive parts. Defendant manufactures for the replacement parts market. To denominate which products its parts serve as replacements for, it identifies the original manufacturer's part, like plaintiff's. It is this package referencing that is the focus of plaintiffs claims. In its amended answer, defendant brings counterclaims against plaintiffs for violation of 15 U.S.C. § 2 ("Sherman Act") and violation of the Connecticut Unfair Trade Practices Act, Conn.Gen.Stat. § 42–110b ("CUTPA"). Plaintiffs move to dismiss the counterclaims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, plaintiffs contend that defendant has failed to sufficiently allege a relevant product market under § 2 of the Sherman Act, and that absent its properly alleged Sherman Act claim, defendant fails to state a claim for relief under CUTPA.

## II. STANDARD

In deciding a motion to dismiss, a court must construe in favor of the pleader any well-pleaded allegations in the complaint. *Finnegan v. Campeau Corp.*, 915 F.2d 824, 826 (2d Cir.1990). Further, "[i]n determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991). Additionally, a court may dismiss the complaint only where it appears beyond doubt that the pleader can prove no set of facts in support of his or her claim which would entitle him or her to relief. *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)).

## III. DISCUSSION

### A. *Count One—Sherman Act Counterclaim*

■ Plaintiffs argue that because defendant has not sufficiently alleged a relevant product market under § 2 of the Sherman Act that claim should be dismissed. To make out a successful claim under § 2 of the Sherman Act, a party must demonstrate: (1) anti-competitive conduct; (2) intent to monopolize; and (3) a dangerous probability of obtaining monopoly power. *Delaware & Hudson Railway Co. v. Consolidated Rail Corporation*, 902 F.2d 174, 180 (2d Cir.1990) (citing *International Distrib. Centers, Inc. v. Walsh Trucking Co., Inc.*, 812 F.2d 786, 790 (2d Cir.1987)). In addition, proof of the relevant product market is a necessary element of a cause of action for monopolization or attempted monopolization under § 2 of the Sherman Act. *Nifty Foods Corp. v. Great Atlantic & Pacific Tea Co., Inc.*, 614 F.2d 832, 840 (2d Cir.1980) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71, 86 S.Ct. 1698, 1703–04, 16 L.Ed.2d 778 (1966)). The party bringing the Sherman Act claim bears the burden of proving the boundaries of the relevant market. *Id.* "Goods are in the same relevant product market if they are 'reasonabl(y) interchangeab(le) for the purposes for which they are produced price, use and quali-

ties considered.'" *Id.* (quoting *United States v. E.I. du Pont de Nemours*, 351 U.S. 377, 404, 76 S.Ct. 994, 1012, 100 L.Ed. 1264 (1956)) (alterations in original).

In *du Pont*, the Supreme Court rejected the theory that a single trademarked product can constitute a relevant market:

> one can theorize that we have monopolistic competition in every nonstandardized commodity with each manufacturer having power over the price and production of his own product. However, this power that, let us say, automobile or soft-drink manufacturers have over their trademarked products is not the power that makes an illegal monopoly. Illegal power must be appraised in terms of the competitive market for the product.

351 U.S. at 393, 76 S.Ct. at 1006. *See Shaw v. Rolex Watch, U.S.A.*, 673 F.Supp. 674 (S.D.N.Y.1987) (finding inadequate plaintiff's allegation that Rolex brand watches constitute a product market unto themselves because a relevant product market cannot be restricted to a company's trademarked product.).

■ In paragraph seven of its amended answer, defendant alleges that plaintiffs' conduct in attempting to prohibit defendant from referring to "Raybestos" and Raybestos part numbers on defendant's replacement parts "constitutes an intentional direct attempt to monopolize trade and restrain interstate commerce in the market for parts which are replacements for the plaintiffs' Raybestos marked automobile parts...." Plaintiffs maintain solely that this definition of the relevant market clearly controverts the principle firmly established by *du Pont* that a single trademarked product cannot constitute a relevant market, and thus defendant has not alleged a plausible product market and its Sherman Act counterclaim should be dismissed. As the labels placed by defendant on its replacement parts demonstrate, the relevant product market alleged by defendant, i.e., automobile replacement parts which are interchangeable with Raybestos parts, includes automobile replacement parts manufactured by various competitors such as Bendix, Midas, Wagner, Federated and TruStar. (Amended Complaint, Ex. A).

Even though under *du Pont* and *Shaw* an alleged relevant product market comprised of only Raybestos brand parts would be insufficient under § 2 of the Sherman Act, such a market would not extend to one which includes the interchangeable products of other manufacturers.[1] Therefore, construing defendant's allegations in its favor, the Court concludes that it cannot be said that there is no set of facts under which defendant can demonstrate that this group of products is functionally interchangeable with each other and exhibits a cross-elasticity of demand such that it comprises a relevant market under § 2 of the Sherman Act. Accordingly, plaintiffs' Motion to Dismiss Count One of defendant's counterclaims is denied.

### B. *Count Two—CUTPA Claim*

Defendant also brings a CUTPA claim against plaintiffs, alleging essentially the same conduct which underpins its Sherman Act claim. Plaintiffs concede that demonstration of a violation of the Sherman Act can support a claim of unfair trade practices under CUTPA. Specifically, plaintiffs recognize that it is the intent of the Connecticut legislature that in construing unfair methods of competition and trade practices, Connecticut courts must be guided by interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)). *See* Conn.Gen.Stat. § 42–110b(b). Further, plaintiffs cite *Fed. Trade Comm. v. Beech–Nut Packing Co.*, 257 U.S. 441, 453, 42 S.Ct. 150, 154, 66 L.Ed. 307 (1922); *Fed. Trade Comm. v. Paramount Famous–Lasky Corporation*, 57 F.2d 152, 154 (2d Cir.1932), which hold that in determining whether given acts amount to unfair methods of competition within the meaning of § 5 of the Federal Trade Commission Act, the standard to be employed is that established by the Sherman Act, and by the courts in construing it, with reference to acts prejudicing the public interest by unduly restricting competition, or unduly obstructing the due course of trade and ability to engage therein. In light of these precedents and the

express language of CUTPA, the Court concludes that because defendant has stated a claim under § 2 of the Sherman Act, it likewise has stated a claim under CUTPA. Accordingly, plaintiffs' Motion to Dismiss Count Two of defendant's counterclaims is denied.

Finally, plaintiffs request an award of attorneys fees and costs. In particular, plaintiffs contend that defendant's filing of an amended counterclaim which "uses different words, but amazingly suffers the same deficiency as the original counterclaims" necessitated plaintiffs' refiled motion and thus the "fatal nature" of defendant's pleadings warrants an award of attorneys fees and costs. (Pls.' Mem. at 7). In view of the Court's conclusion that defendant has properly stated a claim for relief under each of its amended counterclaims, however, plaintiffs' request for attorneys fees and costs is denied.

### IV. SUMMARY

Plaintiffs' Motion to Dismiss Defendant's Amended Counterclaims and Request for Award of Attorneys Fees and Costs [doc. 16–1, 16–2, 16–3] is denied.

IT IS SO ORDERED.

---

1. Additionally, plaintiffs make the conclusory argument that the automobile parts market is not a plausible product market because it is hopelessly broad and includes such items as neither plaintiffs nor defendants sell, and thus it is "categori-

cally impossible" that defendant can demonstrate the elements of a claim under § 2 of the Sherman Act. This argument, however, involves factual questions wholly inappropriate for resolution on a motion to dismiss.